UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSE NIEVES,

        **Plaintiff,**

  v.                                **Civil Action 2:25-cv-929**
                                      **Chief Judge Sarah D. Morrison**
                                      **Magistrate Judge Chelsey M. Vascura**

JEFFREY ALDRIDGE,

        **Defendants.**


## REPORT AND RECOMMENDATION

Jose Nieves ("Plaintiff"), a Massachusetts resident proceeding without the assistance of counsel, sues Jeffrey Aldridge ("Defendant"), the Director of Region 1 IV-D Agency, under 42 U.S.C. § 1983 for violations of his federal constitutional rights. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 3) as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's federal claims under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

Plaintiff has also filed Motion to Withdraw Federal Question, which the undersigned construes as a motion to Amend Plaintiff's Complaint. (ECF No. 7.) For the reasons set forth herein, the undersigned **RECOMMENDS** that motion be **DENIED**.

## I. BACKGROUND

Plaintiff initiated this action in the United States District Court for the District of Massachusetts, but it was subsequently transferred here under 28 U.S.C. § 1406(a). (ECF Nos. 1, 8.) Plaintiff's Complaint purports to state claims against Defendant "through Region 1 IV-D Agency,"[1] and indicates that Defendant[2] is located in Columbus, Ohio. (*Id*.)

Plaintiff's factual allegations are sparse. He states as follows:

Since 2005, Jeffrey Aldridge through the Region 1 IV-D agency has constantly

---

[1] Title IV-D refers to Title Four, section D of the Social Security Act, 42 U.S.C. §§ 651–669b. As another Court has explained:

> [u]nder Title IV-D, each state is required to develop and implement a detailed plan for the collection of child support arrearages, form a comprehensive system to establish paternity and locate absent parents, and create programs to assist custodial parents with obtaining child support orders. 42 U.S.C. §§ 651, 654. This plan had to be submitted and approved by the Secretary of Health and Human Services. 42 U.S.C. § 602(a)(2);§ 652(a)(3). The state must also create a IV-D agency to implement all aspects of the plan. Not all child support orders issued by state courts are obtained through IV-D services. If the custodial parent receives public assistance, the state takes an active role in pursuing the collection of child support using the Title IV-D programs. Parents who are not receiving public assistance may also use the IV-D services for a nominal fee. 42 U.S.C. §§ 651, 654(4). The structure of each state's Title IV–D agency, like the services it provides, must also conform to federal guidelines.

*Ellis v. Mahoning Cty. Child Support Enf't Agency*, No. 4:24 CV 2028, 2025 WL 524368, at *5 (N.D. Ohio Feb. 18, 2025).

[2] The undersigned takes note that the Ohio Secretary of State's website lists Defendant as the Deputy Director of Child Support for the Ohio Department of Job and Family Services. *See* Ohio Secretary of State, Executive Branch Roster, https://ohioroster.ohiosos.gov/executive.aspx?TYPE=0&ID=15675&SRC=1&range=2017-2018 (last visited Sept. 10, 2025).

> violated my Constitutional Rights. Committed fraud against me, and has forced me into involuntary servitude. Jeffrey Aldridge through region1 IV-D Agency is an alone and detached private contractor who hides in the State Government of Ohio, but is not part of the Government in Ohio. He has deprived me of several of my Constitutional Rights, repeatedly. The violations are ongoing to this date, and I have not been able to find relief for these injustices.

(ECF No. 1.) Plaintiff asks the Court to terminate his involuntary participation in the IV-D program; award him a refund of $18,000 (plus interest) for monies "exacted" from him during his program participation; and award him compensatory, punitive, and other damages, plus his costs. (*Id*.) Plaintiff further alleges that he is owed $108,000 for just compensation, which includes monies "fraudulently extracted" from him over time. (*Id*.) Plaintiff also indicates that he is $38,000 arrears in child support. (ECF No. 3.)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612,

4

614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.  ANALYSIS

Plaintiff's Complaint must be dismissed. First, to the extent that Plaintiff sues Defendant in his individual capacity, his claims fail because he has not alleged that Defendant was personally involved in his injuries. To prevail on a § 1983 claim, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). The second element requires a plaintiff to show "personal involvement" by the defendant. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). Instead, a supervisor may be liable under § 1983 only if a plaintiff "show[s] that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (cleaned up).

Here, Plaintiff does not identify any actions taken by Defendant. Without such allegations, Plaintiff has not plausibly alleged Defendant's personal involvement in the deprivation of his Constitutional rights. Accordingly, Plaintiff's individual-capacity claims for money damages must be dismissed.

To the extent Plaintiff sues Defendant in his official capacity for money damages, those claims are barred by sovereign immunity. A suit against a state official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is

therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Moreover, "[s]ection 1983 does not abrogate Eleventh Amendment immunity." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citing *Will*, 491 U.S. at 66). As a result, Plaintiff cannot succeed on any official-capacity claims against Defendant for money damages.

Plaintiff also seeks prospective relief—termination of his involuntary participation in the Title IV-D program. In theory, such relief might fall within the *Ex Parte Young* exception to Eleventh Amendment immunity, which allows certain suits against state officials in their official capacities for prospective injunctive relief. 209 U.S. 123 (1908).

Nevertheless, even if Plaintiff's official-capacity claims are not barred by sovereign immunity, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, which bars federal district courts from reviewing state-court judgments. The *Rooker-Feldman* doctrine precludes federal district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Brent v. Wayne Cty. Dep't of Hum. Servs.*, 901 F.3d 656, 674 (6th Cir. 2018) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Under *Rooker-Feldman*, the key inquiry is whether the "source of the injury" upon which plaintiff bases his federal claim is a state-court judgment. *Adams v. Calhoun Cty.*, No. 18-1867, 2019 WL 3501815, at *2–3 (6th Cir. Apr. 24, 2019) (citing *Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010)). If the source of the injury is a state-court decision, then the *Rooker-Feldman* doctrine prevents a district court from asserting jurisdiction.

6

Although Plaintiff's allegations are sparse, it appears that the source of his injuries are child support enforcement orders issued by a state court or a state administrative body. Plaintiff apparently seeks to enjoin the future enforcement of child support orders, and to recoup monies already collected from him pursuant to such orders. Because his claims are rooted in child support orders, this Court lacks jurisdiction. Plaintiff's remedies lie in administrative or state-court appeals, not in federal district court. Indeed, federal courts routinely dismiss such challenges under *Rooker-Feldman* for lack of subject matter jurisdiction. *See e.g., Rouse v. Nessel*, No. 21-1630, 2022 WL 13631916, at *2 (6th Cir. July 11, 2022) (upholding district court's decision that plaintiff's claims, requiring rejection of child support orders, were barred by *Rooker-Feldman*); *Boseman v. Mahoning Cty. Child Support Enf't Agency*, No. 4:25-cv-627, 2025 WL 1615639, at *2–3 (N.D. Ohio June 6, 2025) (dismissing *pro se* complaint under § 1915(e) where plaintiff alleged constitutional rights violations in connection with a state child support court or administrative order); *Prinzo v. Ky. Child Support Enf't Div.*, No. 3:25-CV-453-JHM, 2025 WL 2210780, at *4 (W.D. Ky. Aug. 4, 2025) (dismissing pro se complaint under § 1915(e) where plaintiff alleged constitutional rights violations in connection with state child support and custody proceedings); *Hill v. Trumbull Cty. Child Support Enforcement Agency,* No. 4:25-CV-709, 2025 WL 2243996, at *2 (N.D. Ohio Aug. 6, 2025) (collecting cases).

Plaintiff has also filed a Motion to Withdraw Federal Question, which the Court construes as a Motion to Amend his Complaint. (ECF No. 7.) He asks the Court to "change [his] federal question case" and "Amend it to a Diversity Case." (*Id.*) This request must be denied.

Federal jurisdiction is conferred by either 28 U.S.C. § 1331 (federal-question jurisdiction) or § 1332 (diversity jurisdiction). Federal-question jurisdiction exists when a claim arises under the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

Plaintiff's Complaint expressly invokes § 1983, a federal cause of action. Thus, his case already rests on federal-question jurisdiction. And even if amendment were allowed, conversion to diversity jurisdiction would not cure the defects identified above. Amendment would therefore be futile.

## IV.     DISPOSITION

For these reasons, Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**. (ECF No. 1.) The undersigned **RECOMMENDS** that Plaintiff's federal claims be **DISMISSED** for failure to state a claim on which relief can be granted and that Plaintiff's motion to withdraw his federal question be **DENIED**. (ECF No. 7.)

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE